#### UNITED STATES DISTRICT COURT
#### MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL NO. 3:21-CR-00136 |
| JOMAR IVORY, | (MEHALCHICK, M.J.) |
| Defendant. | |

#### MEMORANDUM

Before the Court is a Motion for Judgment of Acquittal (the "Motion") by Plaintiff Jomar Ivory ("Ivory") filed on August 4, 2021. (Doc. 37). Ivory seeks a judgement of acquittal from his guilty verdict determined by a jury on July 29, 2021. (Doc. 37, at 1-2). The United States of America ("the Government") urges the Court to uphold Ivory's guilty verdict as he was found "guilty beyond a reasonable doubt based on the evidence elicited during the three-day trial" by a jury of his peers. (Doc. 37, at 1-2). For the following reasons, the Court denies Ivory's Motion. (Doc. 37).

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On July 29, 2021, the jury found that Ivory "did knowingly and intentionally forcibly assault, resist, oppose, impeded, intimidate, or interfere with a federal officer Ryan Swartfager, on or about April 9, 2021" and "did knowingly and intentionally forcibly assault, resist, oppose, impede, intimidate, or interfere with a federal officer, Brian Paviglianti, on or about April 10, 2021," in violation of Title 18 USC 111(a)(1). (Doc. 32, at 1). Trial began on July 27, 2021, and proceeded through July 29, 2021, after which a jury of Ivory's peers found that he was guilty of both counts. (Doc. 26; Doc. 28; Doc. 34; Doc. 32).

At the conclusion of the Government's case, Ivory, through his counsel, moved for a judgment of acquittal. The Court denied Ivory's motion but permitted Ivory to renew his motion at the conclusion of the presentation of the evidence or post-trial. Ivory renewed his Motion on August 4, 2021, and the Government filed their response on August 5, 2021. (Doc. 37; Doc. 38). Both parties rely on their oral arguments stated on the record on July 28, 2021. (Doc. 37, at 2; Doc. 38, at 1-2).

During oral argument, Ivory, through his counsel, stated that the Government failed to meet their burden "regarding the second and fourth elements of the offense." Ivory's counsel stated that the Government failed to present evidence that proved that Ivory willfully "forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with the alleged victims." In response, the Government argued that, taken in the light most favorable to the Government, "there was more than sufficient evidence . . . showing that Mr. Ivory did forcibly assault, resist, oppose, impede, intimidate, and interfere with federal officers." The Government noted the telephone call presented at trial indicating Ivory's intent to take the alleged actions along with the corroborating witness testimony and video evidence presented by the Government as being sufficient evidence to deny Ivory's motion.

**II. DISCUSSION**

Federal Rule of Criminal Procedure 29 provides the following, in pertinent part:

(a) Before Submission to the Jury. After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

> ....
>
> (b) After Jury Verdict or Discharge.
>
> (1) Time for a Motion. A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.
>
> (2) Ruling on the Motion. If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.
>
> (3) No Prior Motion Required. A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.
>
> Fed. R. Crim. P. 29(a) and (c).

The trial judge must grant a motion for judgment of acquittal when "there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *United States v. Hufford,* 103 F. Supp. 859, 861 (M.D. Pa. 1952). When reviewing a motion for a judgment of acquittal,

> a district court must "review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." *United States v. Wolfe*, 245 F.3d 257, 262 (3d Cir. 2001). The court is required to "draw all reasonable inferences in favor of the jury's verdict." *United States v. Anderskow,* 88 F.3d 245, 251 (3d Cir. 1996). Thus, a finding of insufficiency should "be confined to cases where the prosecution's failure is clear." *United States v. Leon,* 739 F.2d 885, 891 (3d Cir. 1984).
>
> *United States v. Smith*, 294 F.3d 473, 476–77 (3d Cir. 2002); *see also United States v. Christy,* 3:18-CR-223, 2020 WL 4032141 at *2 (M.D. Pa. July 16, 2020); *United States v. Sater*, 3:19-CR-0113, 2021 WL 744159, at *2 (M.D. Pa. Feb. 25, 2021).

The court "must uphold the jury's verdict unless no reasonable juror could accept the evidence as sufficient to support the defendant's guilt beyond a reasonable doubt." *United States v.*

*Fattah*, 914 F.3d 112, 183 (3d Cir. 2019) (citing *United States v. Coleman*, 811 F.2d 804, 807 (3d Cir. 1987)); *see also Christy*, 2020 WL 4032141 at *2; *Sater*, 2021 WL 744159, at *2.

> This review is "highly deferential" to the factual findings of the jury, and we "must be ever vigilant . . . not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting [our] judgment for that of the jury." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430 (3d Cir. 2013) (en banc) (alteration and omission in original) (quoting *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005)).
>
> Thus, even if the evidence adduced is consistent with multiple possibilities, our role as a reviewing court is to uphold the jury verdict ... as long as it passes the bare rationality test. Reversing the jury's conclusion simply because another inference is possible—or even equally plausible—is inconsistent with the proper inquiry for review of sufficiency of the evidence challenges, which is that [t]he evidence does not need to be inconsistent with every conclusion save that of guilt if it does establish a case from which the jury can find the defendant guilty beyond a reasonable doubt. It is up to the jury—not the district court judge or our Court—to examine the evidence and draw inferences. Unless the jury's conclusion is irrational, it must be upheld.
>
> *Caraballo-Rodriguez*, 726 F.3d at 433 (alteration in original) (internal quotation marks and citation omitted).
>
> *United States v. Tyler*, 956 F.3d 116, 122–23 (3d Cir. 2020); *see also Christy*, 2020 WL 4032141 at *2; *Sater*, 2021 WL 744159, at *2.

"Under this highly deferential standard of review, it is not the court's task to 'act as the thirteenth juror,' weigh credibility, assign weight to evidence, or 'substituted [its] judgment for that of the jury.'" *United Sates v. Delgado*, 367 F. Supp. 3d 286, 291 (M.D. Pa. 2019). The Court may only overturn a jury's verdict based on insufficient evidence if the verdict "fall[s] below the threshold of bare rationality" or "where the prosecution's failure is clear." *Caraballo-Rodriguez*, 726 F.3d at 431; *Leon*, 739 F.2d at 890 (quoting *Burks v. United States*, 437 U.S. 1, 17 (1978)); *see also Delgado*, 367 F. Supp. 3d at 291.

At trial, Ivory's counsel argued that the Government did not show that Ivory willfully forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with the victims. The Government submits that it presented sufficient evidence of Ivory's guilt and notes that "the Jury of Ivory's peers did in fact find that he was guilty beyond a reasonable doubt based on the evidence elicited during the three-day trial." (Doc. 38, at 2). On July 29, 2021, the Jury found that the Government presented enough evidence to demonstrate Ivory's guilt beyond a reasonable doubt. (Doc. 32); *see also Caraballo-Rodriguez*, 726 F.3d at 433; *United States v. Khan*, 778 F. App'x 94, 97 (3d Cir. 2019). At trial, the Government presented video footage, a phone call between the Defendant and his sister, and witness testimony evidencing Ivory's guilt. Such evidence reasonably provides for a conclusion of guilt beyond a reasonable doubt. *See Hufford,* 103 F. Supp. at 861; *see also Khan,* 778 F. App'x at 97 (testimony and video evidence that "sufficed for a reasonable jury to convict [the Defendant]" was sufficient to deny the Defendant's motion for judgment of acquittal); *United States v. Chambers*, 597 F. App'x 707, 711 (3d Cir. 2015) (upholding the District Court's denial of Defendant's motion for a judgment of acquittal when the evidence consisted of witness testimony and a recorded phone conversation); *United States v. Kermidas*, 332 F. Supp. 1312, 1316 (M.D. Pa. 1971) (stating that witness testimony was sufficient to support a guilty verdict); *United States v. Hoang*, No. 07-662-05, 2009 WL 2047895, at *1 (E.D. Pa. July 15, 2009) (denying the Defendant's motion for judgment of acquittal because the video surveillance and testimony of the government's corroborating witnesses was sufficient to sustain the verdict). Therefore, Ivory's Motion for Judgment of Acquittal is denied.

**III.     CONCLUSION**

Based on the foregoing, Ivory's Motion for Judgment of Acquittal is **DENIED**. (Doc. 37).

An appropriate Order follows.

                                              **BY THE COURT:**

**Dated: October 12, 2021**                     *s/ Karoline Mehalchick*
                                                **KAROLINE MEHALCHICK**
                                                **Chief United States Magistrate Judge**